UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


STEVEN EVANS,

           Plaintiff,

v.                                      Case No. 3:06-cv-1053-J-12MMH

JAMES MCDONOUGH,
etc.; et al.,

           Defendants.

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on November 30, 2006. On the Complaint form, Section IV.(B) states the following: "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" Complaint at 5. Plaintiff marked yes on his Complaint, but only listed Case Number 3:05-cv-735-J-32MCR in Section IV.(C), the section of the form where he was instructed to provide information about each previous filing. Id. At the end of the Complaint, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing is true and correct." Id. at 10. The Court takes judicial notice of Plaintiff's previous prisoner civil rights

filings in this Court in Case Number 3:05-cv-534-J-99MCR and Case Number 3:05-cv-738-J-32MCR.

The Court is convinced that Plaintiff <u>understands</u> the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here, Plaintiff has falsely and incompletely responded to Section IV.(C), entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without prejudice</u> and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Furthermore, upon review of the Complaint, it is clear this case is due to be dismissed as frivolous. Plaintiff claims that various medical and physical tests were conducted on him between November of 2003 and February of 2004. He contends that these tests included blood tests, chest examinations and x-rays. Thereafter, he asserts that he "was treated with a[n] acid solution from May 2004 thru April, 2005." Complaint at 9. He alleges that

2

the treatment resulted in permanent scarring and pain. He asserts that the Defendants' actions constitute malpractice.

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Rooney v. Watson, 101 F.3d 1378, 1380-81 (11th Cir. 1996) (stating that the alleged negligence does not transform a state tort claim into a constitutional deprivation), cert. denied, 522 U.S. 966 (1997);

3

Cannon v. Taylor, 782 F.2d 947, 949-50 (11th Cir. 1986). Here, Plaintiff's allegations may support a claim of negligence; however, his claims do not rise to the level of an Eighth Amendment violation.

In the absence of a constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under section 1983. However, Plaintiff may still pursue a cause of action in state court. See Rooney, 101 F.3d at 1381 n.1; Cannon, 782 F.2d at 950 (stating negligence actions "are grist for the state law mill"; they do not rise to the level of a constitutional deprivation).

Thus, this case will be dismissed without prejudice to Plaintiff's right to initiate a negligence action in state court.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 13TH day of December, 2006.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

ps 12/12
c:
Steven Evans

4